UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jim Lupient Company<br>d/b/a Lupient Infiniti of Golden Valley,<br><br>Plaintiff,<br><br>v.<br><br>Nissan North America, Inc.,<br><br>Defendant. | No. 18-cv-3474 (MJD/TNL)<br><br>**REPORT<br>AND RECOMMENDATION** |

Jason T. Allen, Bass Sox Mercer, 2822 Remington Green Circle, Tallahassee, FL 32308 and Douglas R. Boettger, Stinson LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402 (for Plaintiff); and

Steven J. Wells, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion to Strike Defendant's Defenses. (ECF No. 26). This motion has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. (ECF No. 27). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Plaintiff's motion be **DENIED.**

### I. BACKGROUND

Plaintiff Jim Lupient Company ("Lupient") owns and operates an Infiniti motor vehicle dealership. (Compl., ¶ 2, ECF No. 1). Defendant Nissan North America, Inc.

1

("Nissan") manufactures Infiniti automobiles and sells those vehicles through its franchised dealerships, including Lupient. (Compl. ¶¶ 3-4). Pursuant to the franchise agreement between the parties, Lupient is required to provide warranty service on all vehicles it is authorized to sell. (Compl. ¶ 9).

On August 9, 2018, Lupient submitted a request to Nissan to set its warranty labor reimbursement rate at $163.63, pursuant to Minnesota Statutes section 80E.041, subdivision 4. (Compl. ¶ 19). Included in its request were certain documents that Minnesota law required Lupient to provide in order to justify its proposed rate. (Compl. ¶ 19). These documents included reports, certain repair orders, and other "analytical documentation." (Compl. ¶ 19).

Nissan rejected Lupient's request on August 29, 2018. (Compl. ¶ 20). It stated that Lupient's requested rate was unreasonable because it was well above the competitive market average of $132.00. (Compl. ¶ 20). Nissan proposed an alternate labor reimbursement rate of $139.00. (Compl. ¶ 20).

The parties attempted to resolve their dispute through formal mediation. (Compl. ¶ 23). After that proved unsuccessful, Lupient filed suit, alleging that Nissan violated Minnesota Statutes section 80E.041 and seeking a declaratory judgment as to the value of the labor reimbursement rate. (Compl. ¶¶ 25-38). Lupient also seeks damages and attorney's fees.

Nissan filed an amended answer to the complaint on March 4, 2019. (ECF No. 21). In its amended answer, Nissan continued to allege that Lupient's requested rate was unreasonable. (Amend. Ans. ¶¶ 42-43). Nissan also challenged Lupient's requested rate in

two additional ways. First, Nissan alleged that Lupient failed to comply with Minnesota law because it included improper documentation in its request for a new retail reimbursement rate. (Amend. Ans. ¶ 40). Second, Nissan alleged that it retained the right to audit Lupient's submission under Minnesota law. (Amend. Ans. ¶¶ 20, 41).

Lupient moved to strike Nissan's two new defenses, arguing that neither was permitted under Minnesota law. (ECF No. 26). Nissan filed a memorandum of law in response. (ECF No. 39). The Court took the matter under advisement following a May 20, 2019 hearing.

## II.   MOTION TO STRIKE

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may "strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Though the Court has broad discretion to grant motions to strike, it must exercise that discretion with caution, because Rule 12(f) motions are highly disfavored and rarely granted. *Stanbury Law Firm, P.A. v. Internal Revenue Serv.*, 221 F.3d 1059, 1063 (8th Cir. 2000). A motion to strike is appropriate when it will result in a less-complicated trial or "otherwise streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010). "Any doubt as to the striking of matters in a pleading should be resolved in favor of the pleading." *Vernon J. Rockler & Co., Inc. v. Minneapolis Shareholders Co.*, 69 F.R.D. 1, 5 (D. Minn. 1975).

Here, the parties' dispute relates to two provisions of Minnesota Statutes section 80E.041, which governs the relationship between an automobile manufacturer and a dealer. The first provision, contained in subdivision four of the statute, sets forth a system for

3

determining the compensation a manufacturer pays a dealer for warranty labor. Minn. Stat. § 80E.041, subd. 4. It requires that, "[c]ompensation for warranty labor . . . equal the dealer's effective nonwarranty labor rate multiplied by the time allowances recognized by the manufacturer to compensate its dealers for warranty work." *Id*., subd. 4(a). To determine the nonwarranty labor rate, the dealer must submit to the manufacturer the lesser of "100 sequential nonwarranty customer-paid service repair orders which contain warranty-like repairs" or "90 consecutive days of nonwarranty customer paid orders which contain warranty-like repairs." *Id*., subds. 2(a), 4(a). The total customer labor charges contained in those repair orders is then divided by the "total number of labor hours that generated those sales." *Id*., subd. 4(a). That resulting figure is the effective nonwarranty labor rate.

A manufacturer "may disapprove" a dealer's effective nonwarranty labor rate by: (1) providing written notice of the disapproval to the dealer; (2) sending the notice of disapproval within 30 days of the submission of the effective nonwarranty labor rate to the manufacturer; (3) including "a reasonable substantiation that the effective nonwarranty labor rate submission is inaccurate, incomplete, or unreasonable" in the disapproval notice; and (4) proposing an adjustment of the effective nonwarranty labor rate. *Id*., subd. 4(b). If the manufacturer disapproves the rate and the dealer does not agree to the proposed adjustment, then the parties must engage in the manufacturer's internal dispute resolution process. *Id*., subd. 4(c). If no such process exists, or the process is unsuccessful or not implemented in a reasonable time, the dealer may file suit. *Id*. If the manufacturer "fails to approve or disapprove the rate" within 30 days, the rate is approved. *Id*.

The second provision at issue here, located in subdivision eight of the statute, sets forth the process by which a manufacturer reimburses a dealer for parts or labor. *Id.*, subd. 8. It requires that a manufacturer approve or disapprove a claim for parts or labor within 30 days of its submission. *Id.*, subd. 8(a). If the manufacturer does not specifically disapprove the claim, then it is deemed approved. *Id.* Claims that are approved or deemed approved must be paid within 30 days. *Id.* For claims not specifically disapproved, however, the manufacturer retains the right to audit those claims for one year and to charge back amounts paid on claims that are "not reasonably substantiated" or are fraudulent. *Id.* The manufacturer bears the burden to prove that a claim is not reasonably substantiated or is fraudulent. *Id.*

Nissan relies on both subdivision four and subdivision eight in its amended answer. Regarding subdivision four, it alleges that Lupient "failed to comply with Minnesota statutes by including, in its request for retail reimbursement for warranty labor, charges for repairs which are not qualifying warranty-like repairs." (Amend. Ans. ¶ 40). Regarding subdivision eight, Nissan alleges that it retains the right to audit Lupient's "submissions pursuant to statute." (Amend. Ans. ¶ 20). Lupient contends that both allegations are insufficient under law.

Motions to strike a pleading for insufficiency were "never intended to furnish an opportunity for the determination of disputed and substantial questions of law[.]" *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.*, 47 F.R.D. 366, 367-68 (S.D.N.Y. 1969). A motion to strike is typically appropriate only when the "defense [is] so clearly legally insufficient as to be unworthy of the court's consideration[.]" *Lunsford v. United*

*States,* 418 F. Supp. 1045, 1051 (D.S.D.1976), *aff'd,* 570 F.2d 221 (8th Cir. 1977). In this case, substantial questions of law and fact remain, which preclude the Court from granting the relief that Lupient seeks.

As to questions of law, striking either defense would require the Court to interpret, for the first time, both subdivision four and eight of Minnesota Statutes section 80E.041. Each subdivision raises several questions that are relevant to this case, including whether the legislature intended to allow a manufacturer to waive its rights to approve or disapprove a labor rate under subdivision four; whether the legislature intended the audit process described in subdivision eight to permit review of the effective nonwarranty labor rate; and how detailed of a submission the legislature required a manufacturer to provide when it disapproved of a labor rate. As the parties' respective submissions make clear, there are multiple ways this statute could reasonably be interpreted to give effect to the legislature's intent. Indeed, courts that have interpreted similar statutes elsewhere have taken different positions on some of these questions, most notably as to how a manufacturer preserves a legal ground for objecting to a rate request. *See Darling's Bangor Ford v. Ford Motor Co.*, 2018 Me. Super. LEXIS 93, at \*6 (Me. Super. Ct. May 16, 2018) (finding manufacturer preserved grounds for denial even though it did not cite to relevant statute in notice of denial); *see also Cecil Atkission Orange, LLC v. FCA US LLC*, MVD Docket No. 15-0015.LIC, SOAH Docket No. 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.LIC (Tex. Dep't. of Motor Vehicles Aug. 17, 2017) (permitting consideration of factors outside termination notice). Because the questions raised by Lupient's motion are substantial and uncertain, they are the type best left for consideration in a later dispositive motion, after the record has been more fully

6

developed.

As to questions of fact, because this is a Rule 12(f) motion, the Court may consider only the parties' respective pleadings, materials that are part of the public record, or documents attached to or necessarily embraced by the pleadings. *In re RFC & ResCap Liquidating Tr. Litig.*, No. 13-cv-3451, 2015 WL 12791436, at *3 (D. Minn. Apr. 28, 2015). In this case, this includes the complaint, the amended answer, and the two documents that Lupient attached to its complaint: a cover letter containing its request for a new labor rate and a letter from Nissan in response to that request. Both letters are less than a page long, but each refers to supporting documentation that Lupient submitted in support of its labor rate request. Nothing in the record shows what information those documents provide. Nor is there anything in the record to show how Nissan evaluated Lupient's request or how requests of this nature are typically considered in the industry. In addition, while Lupient's letter left open the possibility for communication between the parties, there has been no discovery yet as to whether such communications occurred or, if they did not occur, why they did not.

The omission of this information is certainly understandable, given the level of detail that a party typically includes in a complaint, as well as the fact that discovery has commenced only recently in this case. But the lack of this information further emphasizes the reason why Rule 12(f) motions are so disfavored, particularly in a case like this, where the Court is being asked to interpret a relatively new statute for the first time. Under those circumstances, it is important that the record be developed as completely as possible so that the Court may consider whatever factors it deems necessary to resolve the dispute

7

before it. Through discovery, the parties can develop the record further without precluding Lupient from challenging either defense in a motion for summary judgment. The Court therefore recommends that Lupient's motion be denied.

Finally, the Court is not persuaded that striking either defense will ultimately streamline the resolution of this action. *See Daigle*, 713 F. Supp. 2d at 830. Lupient argues only that, if the two defenses are not struck, the scope and expense of discovery will increase dramatically because the parties will be required to review "hundreds of repairs orders," as well as litigate "whether *each* repair order supports the accuracy of Lupient's requested labor rate[.]" (ECF No. 22, p. 7) (emphasis in original). But review of the repair orders may well be required regardless of whether the Court strikes either defense, because those orders support the very labor rate at issue in this case. In addition, because the proper interpretation of Minnesota Statutes section 80E.041 is a matter of first impression, the Court is not prepared to speculate to what extent the parties will need to rely on the individual repair orders, even if the sole issue remaining for decision is the reasonableness of Lupient's labor rate. As the Court noted above, it is not clear, at this stage of litigation, how Minnesota Statutes section 80E.041 will be applied. Nor is it clear what facts the Court will need to consider in order to apply that statute properly. The Court therefore cannot conclude that striking the two affirmative defenses would eliminate the need for either party to review each repair order. As a result, the Court cannot conclude that striking the two defenses would streamline this matter in such a way as to justify granting a motion that the Eighth Circuit Court of Appeals has characterized as being highly disfavored. *See Stanbury Law Firm*, 221 F.3d at 1063. The Court recommends that Lupient's motion be

denied for this reason as well.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Strike Defendant's Defenses (ECF No. 26) be **DENIED**.

Date: June 28, 2019

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Jim Lupient Co. v Nissan North America, Inc.*

No. 18-cv-3474 (MJD/TNL)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).